```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


GWEN RUTH PRICER, et al.,      )
                               )
    Plaintiffs,                )
                               )
        v.                     )    1:07cv118 (JCC)
                               )
SAMUEL M. BUTLER, et al.,      )
                               )
    Defendants.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants' motion to dismiss the Amended Complaint for failure to state a claim on which relief may be granted. Defendants also request that the Court deny any further amendments to the Amended Complaint, and that the Court enjoin Plaintiffs from suing Defendants in the future on any claim alleged to have accrued prior to 2003, unless Plaintiffs' counsel, after reasonable inquiry, attests to the merits of such litigation in writing. For the following reasons, the Court will grant the motion in part and deny it in part.

### I. Background

In September 2000, Gwen Pricer, the mother of Randi Lee Eckhart ("Eckhardt") and David C.M. Pricer, met with Samuel M. Butler ("Samuel Butler") and Betty C. Butler ("Betty Butler") to negotiate the lease of a Midland, Virginia property (the "Leased

Premises") owned by the Butlers.  The Leased Premises contained both a single-family home and a barn.  On September 15, 2000, Gwen Pricer and her ex-husband, David B. Pricer, entered into a two-year lease (the "Lease Agreement") with the Butlers for the Leased Premises.  On November 22, 2000, a fire destroyed a mobile home located on a plot of land owned by the Butlers that abutted the Leased Premises.  Because a circuit box in the mobile home was the sole source of electricity to the house on the Leased Premises, Plaintiffs lost all electrical service.

Plaintiffs then allege that, over the course of the remainder of the lease, the Butlers committed various wrongs towards the Plaintiffs.  These wrongs include, but are not limited to: terminating water and sewage service to the Leased Premises on November 24, 2000; failing to obtain the proper government permits and approvals; ignoring requests to restore utility services to the Leased Premises; trespassing on Plaintiffs' land over their express objection; excavating holes and a trench on the leased premises and creating dangerous conditions for Ms. Eckhardt, who has mental and physical limitations; verbally insulting and physically attacking David C.M. Pricer; verbally assaulting Ms. Eckhardt; physically attacking Gwen Pricer; abusing Plaintiffs' horses; and destroying Plaintiffs' RV.

On December 28, 2000, Samuel and Betty Butler filed an Unlawful Detainer Action in Fauquier County General District Court alleging that Gwen Pricer and her ex-husband owed them unpaid rent.  On February 23, 2001, Gwen Pricer filed counterclaims against the Butlers, asserting claims for breach of warranty of habitability, retaliatory eviction, landlord's abuse of right of access, fraud, and unjust enrichment.  On March 9, 2001, the state general district court judge terminated the lease, abated all rents, and ordered that the Leased Premises be vacated by April 15, 2001.

Subsequently, on July 3, 2001, Gwen Pricer appealed this decision to the Fauquier County Circuit Court.  She reasserted her earlier claims and added claims for breach of contract, constructive fraud, negligence, intentional infliction of emotional distress, trespass, and civil conspiracy.  Because Gwen Pricer's counsel failed to appear on the first day of her trial, in an opinion dated April 24, 2002, the Fauquier County Circuit Court granted Gwen Pricer's motion to non-suit her counterclaims.  The Court further decided Sam and Betty Butler's unlawful detainer claim.  Without the assistance of counsel, Gwen Pricer appealed the Court's decision all the way to the United States Supreme Court, which denied certiorari on October 6, 2003.

On October 21, 2003, Gwen Pricer, along with David C.M. Pricer and Ms. Eckhardt, renewed her non-suited claims in a

complaint against Samuel and Betty Butler, their son, Michael W. Butler ("Michael Butler"), and various other individuals and government entities, in the United States District Court for the Eastern District of Virginia.  On February 11, 2004, Judge Lee dismissed the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiffs then filed a complaint in the United States District Court for the Southern District of Ohio, their place of residence at the time, on February 14, 2005.  On July 26, 2005, the Court dismissed the complaint without prejudice for lack of subject matter jurisdiction.  Plaintiffs appealed the decision to the United States Court of Appeals for the Sixth Circuit, which affirmed the lower court's decision on May 2, 2006.

On February 5, 2007, Plaintiffs filed another complaint with the United States District Court for the Eastern District of Virginia.  On April 10, 2007, this Court appointed Hogan & Hartson, L.L.P., to represent Plaintiffs.  On June 6, 2007, Plaintiffs filed an Amended Complaint against Samuel, Betty, and Michael Butler, alleging: (1) violation of the Fair Housing Act, (2) Fraudulent Inducement, (3) Negligent Misrepresentation, (4) Trespass, (5) Intentional Infliction of Emotional Distress, and (6) Conspiracy.[1]  On May 10, 2007, Defendants filed this motion

---

[1] David C.M. Pricer subsequently withdrew all of his claims in this lawsuit except his claim for trespass. Pls.' Opp'n at 3 n.1.

4

to dismiss Plaintiffs' Amended Complaint for failure to state a claim, and concurrently moved to deny further amendments of the complaint and to enjoin Plaintiffs from filing suit bringing any claim that allegedly accrued prior to 2003, unless Plaintiffs' counsel, after reasonable inquiry, attests in writing to the merits of the litigation.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

**III. Analysis**

<u>A. Counts I, II, III, V, and VI</u>

Defendants argue that Counts I, II, III, V, and VI of the Amended Complaint are time-barred. For the reasons that follow, the Court will grant Defendants' motion as to each count.

1) Count I: Fair Housing Act

The Fair Housing Act permits an aggrieved person to file suit no later than two years after "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). The Act also contains a tolling provision that applies any time an aggrieved person files an administrative complaint with the Department of Housing and Urban Development ("HUD"). 42 U.S.C. § 3613(a)(1)(B). The Act provides no other tolling provision.

Taking Plaintiffs' material allegations as admitted and construing the Amended Complaint in the light most favorable to Plaintiffs, the last date on which a violation of the Fair Housing Act could have accrued was September 15, 2002, when the lease terminated. The Complaint in the underlying case was filed on February 5, 2007, approximately four years and four and one-half months after the last date on which the claim could have accrued. Furthermore, Plaintiffs do not allege that they filed an administrative complaint that might have activated the tolling provision. Thus, because Plaintiffs did not file their Fair

Housing Act claim within the requisite two year statute of limitations, and because the statute's tolling provisions do not apply, Defendants' motion to dismiss Count I will be granted.

2) Counts II, III, V, and VI

Under Va. Code Ann. § 8.01-248, a party may bring any of these state law claims "within two years after the right to bring such action has accrued." Va. Code Ann. § 8.01-248.  On Counts II and III, Fraudulent Inducement and Negligent Misrepresentation, respectively, Plaintiffs concede that those claims accrued on November 26, 2000, when they first learned that Defendants had not obtained the proper permits and approvals for the Leased Premises. Pls.' Opp'n at 6.  Therefore, because Plaintiffs filed the underlying Complaint on February 5, 2007, slightly more than six years and two months have elapsed since the claims accrued.  On Counts V and VI, Intentional Infliction of Emotional Distress and Conspiracy, respectively, taking Plaintiffs' material allegations as admitted and construing the Amended Complaint in the light most favorable to Plaintiffs, the last date on which these claims could have accrued was September 15, 2002.  Like the Fair Housing Act claim, more than four years and four and one-half months have passed from accrual to the filing of the underlying Complaint.

Plaintiffs argue, however, that the tolling provisions of Virginia's accrual statute preserve Plaintiffs' claims in

Counts II, III, V and VI.  Under Va. Code Ann. § 8.01-229(E)(1), "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period."  Va. Code Ann. § 8.01-229(E)(1).  Furthermore, where a plaintiff suffers a voluntary non-suit, "the statute of limitations with respect to such action shall be tolled by the commencement of the non-suited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer."  Va. Code Ann. § 8.01-229(E)(3).

Plaintiffs contend that the statute of limitations on their state law claims tolled during two periods: (1) from December 28, 2000, when Samuel and Betty Butler filed their Unlawful Detainer Action against Gwen Pricer and her ex-husband, until February 11, 2004, when Judge Lee dismissed Plaintiffs' complaint without prejudice; and (2) from February 14, 2005, to May 2, 2006, when Plaintiffs' case was pending in Ohio federal court.  Pls.' Opp'n at 6-9.  Plaintiffs argue that this tolling was sufficient to successfully preserve Plaintiffs' claims.

As an initial matter, David C.M. Pricer and Ms. Eckhardt did not bring suit against Defendants until October 21, 2003. Thus, their claims tolled only while Plaintiffs' federal lawsuits were pending. Consequently, even measuring from the latest possible accrual date of September 15, 2002, the statute of limitations on David C.M. Pricer's and Ms. Eckhardt's state law claims in Counts II, III, V, and VI had run by the time the underlying Complaint was filed.

Gwen Pricer, however, brought claims that relate back to the Unlawful Detainer Action of December 28, 2000. Crucial to Plaintiffs' argument that Gwen Pricer's claims survive is the inclusion, in the first tolling period mentioned above, of the time during which Gwen Pricer's appeal of the Fauquier County Circuit Court's April 24, 2002 decision was pending. Plaintiffs rely on *Phipps v. Liddle*, 593 S.E.2d 193 (Va. 2004) to support their argument that, under Va. Code Ann. § 8.01-229(E)(3), the court's non-suit order was not final until the United States Supreme Court denied certiorari on Gwen Pricer's appeal on October 6, 2003. While the court in *Phipps* interpreted Va. Code Ann. § 8.01-229(E)(3) to mean that a non-suit order is not final until the appeal of that order is finally decided, *Phipps v. Liddle*, 593 S.E.2d 193, 195 (Va. 2004), *Phipps* involved a situation where the *plaintiff* had moved for and was granted a non-suit and the *defendant* had appealed that order. *Id*.

(emphasis added).  By contrast, Gwen Pricer, as a defendant in the Unlawful Detainer Action, moved for, and was granted, a non-suit of her state law counterclaims, and then chose to appeal the court's holdings in the Unlawful Detainer Action.

Though Plaintiffs claim that a central argument in Gwen Pricer's appeal was that the Circuit Court improperly refused to grant a continuance of the Unlawful Detainer Action, thereby forcing Gwen Pricer to nonsuit her claims, Pls.' Surreply in Opp'n at 3, the motion for a non-suit was made voluntarily.  *See* Hr'g Tr. 4-6, 12-13, Ex. 5 to Pls.' Opp'n.[2]  Moreover, Gwen Pricer's appeal of the Circuit Court's holdings pertaining to the Unlawful Detainer Action cannot be construed as an appeal of the motion to non-suit her counterclaims that she herself made.  Because of these distinctions, the precise holding in *Phipps* is not applicable to this case.  As a result, between the Fauquier County Circuit Court's April 24, 2002 decision and October 21, 2003, when Plaintiffs brought their claims in federal court, the statute of limitations on Gwen Pricer's claims did not toll.  Consequently, even measuring from the latest possible accrual date of September 15, 2002, the statute of limitations on Gwen Pricer's state law claims in Counts II, III, V, and VI had run by the time the underlying Complaint was filed.

---

[2] Exhibit 5 to Plaintiffs' Opposition consisted of only a partial transcript of this hearing.  On September 6, 2007, Defendants provided a complete copy, and the Court cites to the complete version of the transcript.

Plaintiffs further contend that Ms. Eckhardt is entitled to equitable tolling because she is both mentally and physically handicapped and because the Butlers' engaged in conduct that exacerbated her disability. Pls.' Opp'n at 9-10. Plaintiffs rely on *Llewellyn v. Celanese Corp.*, 693 F. Supp. 369 (W.D.N.C. 1988) to support this contention. In *Llewellyn,* the court justified equitable tolling due to both "the defendants' failure to post the statutorily-required notice [pursuant to Title VII] *and* plaintiff's mentally disabled condition." *Llewellyn v. Celanese Corp.*, 693 F. Supp. 369, 379 (W.D.N.C. 1988) (emphasis in original). In addition, while some courts have allowed equitable tolling based on mental incapacity alone, they have allowed it only in "exceptional circumstances," and "for that period of time [in] which mental incapacity rendered the plaintiff incapable of pursuing any remedy." *Moody v. Bayliner Marine Corp.*, 664 F. Supp. 232, 235 (E.D.N.C. 1987); *see also Bassett v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1247 (S.D.O.H. 1984). In the underlying case, Ms. Eckhardt has been a named plaintiff in every action brought by Plaintiffs since October 21, 2003, when Plaintiffs brought their first federal action. Given that fact, Plaintiffs cannot now contend that Ms. Eckhardt has been incapable of pursuing a remedy due to her incapacity.

Thus, because neither statutory nor equitable tolling apply, Defendants' motion to dismiss Counts II, III, V, and VI will be granted.

### B. Count IV: Trespass

Defendants argue that Ms. Eckhardt does not make out a claim for trespass because she did not lease the property and therefore had no possessory interest in the Leased Premises. Additionally, while Defendants do not explicitly make this claim, their argument regarding Ms. Eckhardt also raises the issue of whether David C.M. Pricer, who similarly did not sign the lease, states a trespass claim. In deciding this motion, the Court will determine the rights of both Ms. Eckhardt and David C.M. Pricer to bring this claim.

In Virginia, tenants have the right to possess leased property, and landlords who own the property have no right to enter it without the tenant's consent. *See Johnson v. Marcel*, 465 S.E.2d 815, 817 (Va. 1996); *Neurology Services, Inc. v. Fairfax Medical PWH, LLC*, 2005 WL 832160, at *9 (Va. Cir. 2005). *American Jurisprudence 2d*, which Plaintiffs cite as favorable authority, defines trespass to real property as "the injury to the right of possession" and a person in possession of real property as someone "in occupancy with intent to control the land." 75 Am. Jur. 2d Trespass § 28 (2007). The Amended Complaint states that both Ms. Eckhardt and David C.M. Pricer

12

occupied the Leased Premises, and the Lease Agreement itself permits the "tenant and his immediate family" to occupy the premises.  Ex. 14 to Pls.' Opp'n.  Given that they did not sign the lease, however, neither Ms. Eckhardt nor David C.M. Pricer qualify as tenants.  Furthermore, nothing in the Amended Complaint suggests that either person occupied the land with an intent to control it.  As a result, neither have a sufficient possessory interest in the Leased Premises to state a trespass claim, and only Gwen Pricer, who co-signed the Lease Agreement with her husband, David B. Pricer, may bring such a claim against Defendants.

Because this Court will find that the statute of limitations has run on the Fair Housing Act claim, the remaining trespass claim can only survive on the basis of federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Section 1332(a) requires an amount in controversy between the parties of at least $75,000.  *Id.*  The Fourth Circuit has held that "if [the] plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction."  *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).  While a plaintiff is not required to assign particular values to their claims, and Plaintiffs here did not, under Fed. R. Civ. P. 11(b) any factual allegations "must have evidentiary support" or be "likely to have evidentiary support after a

reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Thus, to survive a motion to dismiss on the basis of a lack of diversity jurisdiction, Plaintiffs' allegations that they are entitled to over $75,000 in damages must have evidentiary support.

Plaintiffs are not required to prove physical injury to recover damages on a trespass claim, and can recover simply for emotional distress. *Johnson v. Marcel*, 465 S.E.2d 815, 817 (Va. 1996)(finding that where an "alleged trespass is deliberate and accompanied by aggravating circumstances, damages for emotional distress may be recoverable in the absence of physical injury"). Here, Plaintiffs allege that Defendants, "intentionally and with malice . . . repeatedly intruded onto the Leased Premises and the residence on the Leased Premises without the consent of Plaintiffs." Pls.' Am. Compl. at 12. Plaintiffs further allege that Defendants' actions "caused damage to Plaintiffs' personal property" and caused them to "fear for their safety and for the protection of their personal property." *Id.* Even though only Gwen Pricer states a claim for trespass, construing the Amended Complaint in the light most favorable to Plaintiffs, Gwen Pricer has met her burden on a motion to dismiss by providing sufficient evidentiary support that she has sustained damages of at least $75,000. Thus, Defendants' motion to dismiss Count IV will be granted as to Ms. Eckhardt and David C.M. Pricer, but denied as to Gwen Pricer.

## C. Defendants' Request for Additional Relief

Defendants also request that the Court deny any further amendments to the Amended Complaint, and that the Court enjoin Plaintiffs from suing Defendants in the future on any claim alleged to have accrued prior to 2003, unless Plaintiffs' counsel, after reasonable inquiry, attests to the merits of such litigation in writing.  The Court is not inclined to grant these remedies in advance of Plaintiffs actually amending their current complaint or actually filing a new complaint.  Instead, the Court will wait and see whether Plaintiffs choose to act again.  Thus, the Court will deny Defendants' request for additional relief.

## IV. Conclusion

For these reasons, the Court will grant Defendants' motion as to Counts I, II, III, V, and VI, will grant it in part and deny it in part as to Count IV, and will deny it as to Defendants' request for additional relief.

An appropriate Order will issue.

September 12, 2007  _____/s/_____
Alexandria, Virginia                James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE